B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Simon Peter Girtain | **DEFENDANTS:** Guardian Litigation Group |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Martin C. Conway, VSB No. 34334<br>1320 Central Park Blvd, Suite 200<br>Fredericksburg, VA 22401<br>855-848-3011 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>X☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    X☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

### 28 U.S.C.§§ 157(b)(2)(E) and 11 U.S.C. §§ 542 and 547

## NATURE OF SUIT

Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**F R B P  7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**F R B P  7001(7) – Injunctive Relief**
☒ X71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**F R B P  7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**F R B P  7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**F R B P  7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**O t h e r**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $27,144.00 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR Simon Peter Girtain | BANKRUPTCY CASE NO. 25-31592- KLP | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of VA | DIVISION OFFICE<br>Richmond | NAME OF JUDGE<br>Keith L Phillips |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Martin C. Conway | |
|---|---|
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Martin C. Conway |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also  complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on Form 1040 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| In re:   Simon Peter Girtain, | ) | Case No: 25-31592- KLP |
| Debtor. | ) | |
| | ) | |
| | ) | |
| Simon Peter Girtain, | ) | Adversary Proceeding No: _____ |
| | ) | |
| Plaintiff, | ) | SERVE: |
| | ) | Registered Agent: |
| v. | ) | Incorp Services, Inc. |
| | ) | 7288 Hanover Green Dr. Ste. A |
| Guardian Litigation Group, LLP, | ) | Mechanicsville, VA 23111 |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ADVERSARY PROCEEDING FOR TURNOVER UNDER SECTIONS 28 U.S.C.§§ 157(b)(2)(E) and 11 U.S.C. §§ 542 and 547

### COMPLAINT

Simon Peter Girtain (the "Plaintiff"), by counsel, moves this Court for judgment against Guardian Litigation Group LLP (the "Defendant") on the grounds and in the amount as hereinafter set forth:

### PARTIES

1.     The Plaintiff is an individual who resides in Spotsylvania County, Virginia, and he owes money to one or more creditors.

2.     The Defendant is a California law firm that conducts business, but is not licensed to practice law, in the Commonwealth of Virginia and took wages that Plaintiff earned in the Commonwealth of Virginia with a mailing address of 17850 Fitch, Irvine, CA, 92614.

1

## JURISDICTION

3.      This adversary proceeding arises from the chapter 13 case that is currently pending before this Court.

4.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.§§ 157(b)(2)(B) & (E) and 11 U.S.C. §§ 542 and 547.

5.      This is a core proceeding under 28 U.S.C. § 157(b)(2).

6.      The Debtor filed his chapter 13 petition on April 23, 2025. [BK Case No. 25-31592- KLP, Doc 1].

7.      This is an action brought by Plaintiff to recover actual, statutory, and punitive damages from Defendant for making false promises to him about settling his debts.

## COMMON FACTS

8.      On or about January 10, 2024, Plaintiff entered into an agreement with Defendant. Plaintiff decided to retain the services of Defendant, rather than another company, because Defendant indicated that it was a law firm.

9.      Defendant told Plaintiff that if he retained Defendant's services, Defendant would settle Plaintiff's debts for a fraction of what he currently owed.

10.     Plaintiff reasonably believed that if he retained Defendant, he would be working with an entity licensed to practice law in the Commonwealth of Virginia.

11.     Plaintiff relied on Defendant's representations to this effect when he chose to retain Defendant's services.

12.     The Virginia State Bar Membership Committee confirms that Defendant **does not** have a certificate of good standing with the Virginia State Bar and never did possess a certificate of good standing.

13. Plaintiff reasonably believed that if he retained Defendant, he would be working with a licensed debt settlement service provider that was authorized to perform debt resolution business in the Commonwealth of Virginia.

14. Plaintiff relied on Defendant's representations to this effect when he chose to retain Defendant's services.

15. According to the Virginia State Corporation Commission – Bureau of Financial Institutions, the Defendant was not a licensed debt settlement service provider authorized to perform debt resolution business in the commonwealth of Virginia.

16. The agreement between Defendant and Mr. Plaintiff outlines a Debt Management Plan as that term is defined in Va. Code§ 6.2-2000.

17. Pursuant to Va. Code§ 6.2-2001, Defendant was required to obtain a license from the Virginia State Corporation Commission before providing a Debt Management Plan to a consumer residing in the Commonwealth of Virginia.

18. Defendant did not have the requisite license at any time relevant hereto.

19. Pursuant to Va. Code §6.2-2014(10), Defendant was prohibited from providing legal advice to Mr. Plaintiff.

20. The agreement purported to be an "agreement for legal services."

21. Plaintiff paid 12 monthly payments of $754.00 to the Defendant for a total of $9,048.00 (the "Funds") to settle his debts.

22. Defendant deposited the Funds that it withdrew from Plaintiff's bank account into an account that it established.

23. Lending Point was the only account that the Defendant settled for the Plaintiff.

3

24.     Plaintiff does not know the details of the settlement with Lending Point.

25.     Plaintiff does not know the amount the Defendant paid to Lending Point.

26.     With the exception of the amount paid to Lending Point, the Defendant kept the Funds that Plaintiff paid to it to pay its own fees.

27.     On April 11, 2025, Plaintiff cancelled his account with Defendant.

**COUNT I**
**COMMON LAW FRAUD**

28.     Plaintiff restates and re-alleges Paragraphs 1-27.

29.     Defendant represented itself as a law firm providing legal services, when in truth it is not licensed to practice law in the Commonwealth of Virginia.

30.     Defendant held itself out as a law firm.

31.     If Plaintiff had consulted a legitimate law firm about his debt, he would have been told to engage in credit counseling or consider filing for chapter 13 relief.

32.     Defendant made representations and concealments of material facts to Plaintiff.

33.     Defendant's representations were material and false and made with full knowledge of their falsity or with reckless disregard for the truth.

34.     Defendant intended that Plaintiff should rely on its representations and concealments.

35.     Plaintiff justifiably relied on the false representations, and they played a material and substantial part in leading Plaintiff to retain Defendant's services and sustain the losses detailed herein.

WHEREFORE, Simon Peter Girtain, appearing by counsel, requests this Court to enter judgment against Guardian Litigation Group LLP in the amount of $9,048.00 in compensatory

4

damages and in the amount of $27,144.00 in punitive damages, together with interest from the date of judgment along with costs and that the Court grant such other relief as may be deemed equitable or just.

**COUNT II**
**DECLARATORY RELIEF/RESCISSION**

36.    Plaintiff incorporates by references allegations contained in paragraph nos. 1 through 35 herein.

37.    Defendant is an unlicensed provider of debt management plans in the Commonwealth of Virginia.

38.    Plaintiff falls within the class of persons specifically protected by the Virginia Code.

39.    The agreement is against Virginia public policy and is void or voidable by Plaintiff.

40.    A number of agreements where executed contemporaneously by Defendant and Plaintiff, which are incorporated by reference into the agreement.  Since these agreements were also part and parcel of the same illegal transaction, they are equally void or voidable.

41.    Plaintiff requests this Court to restore him, as near it can, to the *status quo ante* between the parties, less all payments made by Defendant to Plaintiff's creditors.

WHEREFORE, Simon Peter Girtain, appearing by counsel, respectfully requests this Court to enter an order finding that the agreement violates Virginia public policy and is a void along with the requirement for mandatory arbitration, which is incorporated by reference into the agreement, and rescinding or nullifying the agreement with Guardian Litigation Group LLP and entering a judgment against Guardian Litigation Group LLP in the principal amount of $9048.00 plus interest from April 11, 2025 and costs incident to this proceeding.

## COUNT III
## VIOLATION OF THE VIRGINIA CREDIT COUNSELING ACT
## PRIVATE RIGHT OF ACTION
## UNDER VIRGINIA CODE § 6.2-2023

42. Plaintiff incorporates by references allegations contained in paragraph nos. 1 through 41 herein.

43. By engaging in the business of providing or offering to provide a Debt Management Plan ("DMP") to Plaintiff, Defendant violated Virginia Code § 6.2-2001.

44. Under § 6.2-2023, "Any person who suffers loss by reason of a violation of any provision of this chapter may bring a civil action to enforce such provision. Any person who is successful in such action shall recover reasonable attorney fees, expert witness fees, and court costs incurred by bringing such action."

WHEREFORE, Simon Peter Girtain, appearing by counsel, requests this Court to enter judgment against Guardian Litigation Group LLP in the amount of $9,048.00 in compensatory damages, together with reasonable attorneys' fees, expert witness fees, interest from April 11, 2025 along with court costs.

## COUNT IV
## VIOLATION OF THE VIRGINIA CONSUMER PROTECTION ACT

45. Paragraphs 1-44 are incorporated by reference as if fully repeated herein.

46. By engaging in the business of providing or offering to provide a DMP to Plaintiff, Defendant violated Virginia Code § 6.2-2001.

47. Pursuant to Virginia Code §§ 6.2-2023 and 6.2-2025, Defendant has engaged in a prohibited practice in accordance with § 59.1-200 and shall be subject to any and all of the enforcement provisions of the Virginia Consumer Protection Act (§ 59.1-196 et seq.).

6

48.     Defendant's actions were intentional as Defendant is a large professional corporation.  Defendant has deliberately chosen not to register with the Virginia State Corporation Commission and the Virginia State Bar.

WHEREFORE, Simon Peter Girtain, appearing by counsel, requests this Court to enter judgment against Guardian Litigation Group LLP in the amount of $9,048.00 and that said amount be tripled to the amount of $27,144.00 as allowed by the statute along with interest April 11, 2025 with costs including any expert witness fees, reasonable attorneys' fees and any other relief as may be deemed equitable or just.

## COUNT V
### TURNOVER OF PROPERTY TO THE ESTATE
### PURSUANT TO 11 U.S.C. § 542

49.     Paragraphs 1-48 are incorporated by reference as if fully repeated herein.

50.     Defendant is in custody or control of funds that were unlawfully acquired.

51.     Defendant must turn over the monies it received unlawfully under 11 U.S.C. §542.

52.     The funds held by Defendant are not of inconsequential value and could benefit to the estate.

WHEREFORE, Simon Peter Girtain, appearing by counsel, requests this Court to enter and order directing Guardian Litigation Group LLP to (i) turnover all recorded information as defined by 11 U.S.C. § 542 (e) to Plaintiff and further ordering that Defendant (ii) turnover and deliver to the Chapter 13 Trustee all Plaintiff's property and/or funds for the benefit of the bankruptcy estate.

SIMON PETER GIRTAIN
By Counsel

7

CONWAY LAW GROUP, PC

By: /s/ Martin C. Conway
Martin C. Conway, VSB # 34334
1320 Central Park Blvd, Suite 200
Fredericksburg, VA 22401
855-848-3011
martin@conwaylegal.com
*Counsel for Simon Peter Girtain*